## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ALEXANDER JIGGETTS,

    Plaintiff,

    v.

PROLOGUE, INC.,
RIVENDELL HOMES,
SENDY ROMMEL, CEO,

    Defendants.

Civil Action No.:  JRR-22-1120

## MEMORANDUM OPINION

On May 9, 2022, the above-entitled lawsuit was filed by self-represented Plaintiff Alexander Jiggetts.  Pending before the court are Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 2), which the Court now grants, and Motion for Recusal (ECF No. 3), which shall be denied.  For the reasons stated herein, the complaint must be dismissed.

**Motion to Proceed in Forma Pauperis (ECF No. 2)**

Mr. Jiggetts filed his complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee.  The court finds Mr. Jiggetts has satisfied the statutory requirements and will grant his request to proceed *in forma pauperis*.

**Motion for Recusal (ECF No. 3)**

In his Motion for Recusal, Mr. Jiggetts asserts that the undersigned would not "rule against Sendy Rommel" because she is a woman and because the undersigned "has a loyalty to her college and to the cause of women (Mount Holyonke [sic] College)."  ECF No. 3.  On that basis, Mr. Jiggetts requests that the undersigned recuse herself from presiding over this action.

Pursuant to 28 U.S.C. § 144, recusal may be considered when a party to a proceeding files a sufficient affidavit averring that the judge to whom a case is assigned has a personal bias or prejudice either against that party or in favor of another party.  A request for judicial recusal must also be accompanied by a certificate of the movant stating that the motion is made in good faith.  Another section of the code, 28 U.S.C. § 455, requires a federal judge to recuse herself "in any proceeding in which h[er] impartiality might reasonably be questioned."  Any alleged bias "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from h[er] participation in the case."  *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).  Due process may sometimes demand recusal even when a judge has no actual bias if, for instance, "the probability of actual bias on the part of the judge or decision-maker is too high to be constitutionally tolerable."  *Rippo v. Baker*, _ U.S. _, 137 S.Ct. 905. 906 (2017) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)).  Mr. Jiggetts' motion does not present a cognizable basis for recusal.  A general allegation that a female judge is encumbered by bias or sympathy such that she is incapable of issuing a ruling against a female defendant on account of the fact that the judge attended a single sex undergraduate institution lacks merit on its face.  The undersigned maintains her ability to consider the evidence and render decisions impartially, fairly and without bias.  The Motion for Recusal will be denied.

**Sufficiency of Mr. Jiggett's Complaint Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

As noted, Mr. Jiggetts filed this complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee.  To guard against possible abuses of this privilege, the statute mandates that the "court shall dismiss" any claim that is frivolous or malicious or fails to state a claim on

which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  This court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating such a complaint, the factual allegations are assumed to be true.  *Id*. at 94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  Liberal construction does not mean that this court can abide or ignore a failure to plead facts stating a cognizable claim.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").  In making this determination, "[t]he district court need not look beyond the complaint's allegations . . .  It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally."  *White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).

Federal courts "may not exercise jurisdiction absent a statutory basis."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  Title 28 U.S.C. § 1331 provides that federal courts may hear "all civil actions arising under the Constitution, laws, or treaties of the United States," commonly known as federal question jurisdiction.[1]  28 U.S.C. § 1331.  For the court to retain federal question jurisdiction, the federal question must be a direct element in the plaintiff's claim and must be substantial, not plainly frivolous.  *McLucas v. DeChamplain*, 421 U.S. 21, 28 (1975).

A court retains "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  To ascertain whether the court may exercise subject matter jurisdiction, the court looks to the facts

---

[1] Where no federal question is presented, the court may nonetheless retain diversity jurisdiction pursuant to 28 U.S.C. § 1332 if the matter in controversy exceeds $75,000 and is between citizens of different States.  There is no basis for diversity jurisdiction in this case.

alleged in the complaint. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L. Ed. 1135 (1936)). The party seeking to avail itself of this court's jurisdiction bears the burden of proof. *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz*, 599 U.S. at 96; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). Further, "[a] court is to presume . . . that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

Mr. Jiggetts alleges that "Prologue Inc is taking my whole SSI check which is 756.00 for rent/services provided for the 811 prac [sic] lease which I believe is a Hud lease that is supposed to be only taking 30 percent of your income." ECF No. 1 at 1. He asserts that the proper monthly fee is $226.80 and that Sendy Rommel advised him if he was working, he would not have to give up his whole check. Mr. Jiggetts maintains that this amounts to a violation of his Fourteenth Amendment right to equal protection. *Id.*

Mr. Jiggetts also seeks a writ of habeas corpus "for future arrest or institutionalization." *Id.* He queries: "I ask this court can I leave this program without any loss of liberties inflicted upon me such as going back to [S]pring [G]rove," and adds "I am not in need of the medical services such as medication . . ." *Id.* Mr. Jiggetts further states that he currently lives with three people but prefers to live alone. *Id.* His concern is that a staff member at Prologue advised him that he may be returned to reside at Spring Grove if he fails to take his medication. *Id.* at 2. On this basis, Mr. Jiggett's concludes it would not be "constitutional for Spring Grove to release me and then Prologue to have me go back" because it would amount to double jeopardy. *Id.*

Review of Mr. Jiggetts' claims reveals that the court lacks subject matter jurisdiction to preside over the action.  To the extent that Mr. Jiggetts disputes the monthly amounts withheld from his Social Security check, such a dispute raises a claim arising under State law, if at all, as the source of the funds does not convert the claim to a federal question.  Further, Mr. Jiggetts' assertion of a Fourteenth Amendment equal protection violation fails to state a claim because it is asserted against a private organization, not a government actor.  *Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).

With respect to Mr. Jiggetts' request for a writ of habeas corpus to guard against the possibility that he may be involuntarily committed to Spring Grove Hospital, the court may not dispense such relief on the basis that some condition may arise in the future, or otherwise in anticipation of possible conditions or events.  Rather, a writ of habeas corpus must be grounded in present unconstitutional conditions; a writ of habeas corpus is available only where it is established that the petitioner is "a person in custody pursuant to the judgment of a State court . . .  on the ground that he is in custody in violation of the Constitution . . . of the United States."  28 U.S.C. § 2254(a).  Because Mr. Jiggetts is not in custody within the meaning of the statute, he is not entitled to the relief he requests.

**Conclusion**

For the reasons set forth above, by separate order, the Motion to Proceed in Forma Pauperis will be GRANTED, the Motion for Recusal will be DENIED, and the complaint will be DISMISSED.

June 17, 2022                                    /s/
Date                                                  Julie R. Rubin
                                                        United States District Judge

5